Appellant, Gilbert Rife, has filed this appeal to challenge the judgment of the Lucas County Court of Common Pleas, filed on March 19, 1998, that classified appellant a sexual predator pursuant to R.C. 2950.09(B). Appellant has presented one assignment of error for review that reads:
 "A. THE COURT'S DETERMINATION THAT DEFENDANT-APPELLANT IS A SEXUAL PREDATOR, PURSUANT TO R.C. 2950.09, VIOLATES THE UNITED STATES AND OHIO CONSTITUTIONS."
 The record shows that appellant was indicted by the grand jury sitting in Lucas County, Ohio on August 30, 1996. He was charged with three counts of rape, one count of attempted rape, two counts of felonious sexual penetration, and eight counts of gross sexual imposition. On December 15, 1997, appellant entered no contest pleas to one count of rape, a violation of R.C. 2907.02(A)(1)(b), and to one count of attempted rape, a violation of R.C. 2923.02. Pursuant to a plea agreement, the state of Ohio nolled the remaining counts. The trial court accepted the no contest pleas, found appellant guilty, and ordered a presentence investigation report.
On March 18, 1998, the trial court filed a judgment entry in which it sentenced appellant for his crimes. The trial court also ruled:
 "Upon hearing held pursuant to Revised Code 2950.09(B), the Defendant is hereby adjudicated to be a sexual Predator over Defendant's objections. Address registration and verification is ordered every 90 days for life."
Appellant argues that he cannot be declared a sexual predator pursuant to R.C. 2950.09(B)(1) because he committed his crimes before the statute was enacted. He says the application of the statute to his case is retroactive and violates the Ohio Constitution. He also argues that the application of the statute in his case is a violation of equal protection, because he is subject to different reporting requirements than other individuals who committed the same offense, but were sentenced before R.C. 2950.09(B)(1) became effective.
The Supreme Court of Ohio has ruled that R.C. 2950.09 is not in violation of the retroactivity clause of the Ohio Constitution and does not violate the ex post facto clause of the United States Constitution. State v. Cook (1998), 83 Ohio St.3d 404,405. Furthermore, this court has already considered and rejected the argument that R.C. 2950.09 is a violation of equal protection rights. See, e.g. State v. Johnson (Dec. 31, 1998), Lucas App. No. L-98-1202, unreported; State v. Walker (Dec. 18, 1998), Lucas App. No. L-98-1211, unreported. Accordingly, appellant's sole assignment of error is not well-taken and is denied.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.